FILED

**UNITED STATES DISTRICT COURT** 2018 FEB 16 PM 4: 32
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

CASE No.: 6:18-CV-241-ORL-31-GJK

MICHAEL D HUIRAS,

        Plaintiff,

vs.

WELLS FARGO BANK, N.A.,

        Defendant.

_____/

## NOTICE OF REMOVAL

      Defendant Wells Fargo Bank, N.A. ("Defendant"), by counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removes the above-captioned civil action currently pending in the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division. In support of this Notice of Removal, Defendant states as follows:

## I.    BACKGROUND AND PROCEDURAL POSTURE

      1.    On January 9, 2018, Plaintiff Michael D. Huiras ("Plaintiff") filed a Complaint against Defendant, in the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, in a case styled as *Michael D. Huiras v. Wells Fargo Bank, N.A.*, No. 05-2018-CA-011170 ("State Court Action").

2.    On or about January 18, 2018, Defendant was served with a copy of the Summons and Complaint, which is the initial pleading setting forth the claims for relief upon which this removal is based.

3.    Removal of this Complaint is timely under 28 U.S.C. § 1446(b) because this Notice of Removal was filed within thirty days after Defendant was served with the initial pleading on January 18, 2018.

4.    The United States District Court for the Middle District of Florida, Orlando Division, is the district and division within which this action is pending under 28 U.S.C. §§ 1441(a), 1446(a), and is, therefore, the proper venue for this action. *See also* M.D. Fla. L.R. 1.02.

5.    Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendant in the State Court Action are attached hereto as Composite Exhibit A.

6.    In accordance with 28 U.S.C. § 1446(d), Defendant has contemporaneously filed a Notice of Removal with the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida. A copy of Defendant's Notice to State Court of Removal to Federal Court is attached hereto as Exhibit B.

7.    In accordance with 28 U.S.C. § 1446(d), Defendant has also given written notice to Plaintiff by contemporaneously serving this Notice of Removal on counsel for Plaintiff.

8.    In filing this Notice of Removal, Defendant does not waive and specifically reserves any and all defenses, exceptions, rights, and motions, including defenses concerning

improper or lack of service. No statement or omission in this Notice shall be deemed an admission of any allegations or damages sought in the Complaint.

9.      As set forth below, this case is properly removed to this Court based on federal question jurisdiction.

## II.     REMOVAL IS PROPER BASED ON FEDERAL QUESTION JURISDICTION

10.     Removal is proper under 28 U.S.C. § 1441(a), because this United States District Court has original jurisdiction over this case pursuant to 28 U.S.C. §§ 1331. Section 1331 provides that the District Courts shall have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

11.     The two-count Complaint seeks recovery under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and the Florida Consumer Collection Practices Act, § 559.55 ("FCCPA"). *See generally*, Ex. A, Complaint.

12.     The Eleventh Circuit has made clear that a federal court has federal question jurisdiction over a TCPA claim pursuant to 28 U.S.C. § 1331. *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014); *Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740, 753 (2012).

13.     This Court may properly exercise supplemental jurisdiction to hear the state law FCCPA claim because it forms part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. §§ 1331, 1367, and 1441 (a) and (c); *see also Reed v. Heil Co.*, 206 F.3d 1055, 1058 (11th Cir. 2000) ("[F]ederal courts can exercise supplemental jurisdiction over state law claims that form part of the same case or controversy as the claim with original federal jurisdiction.").

3

WHEREFORE, Defendant Wells Fargo Bank, N.A. hereby removes the above-captioned action now pending in the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division, and respectfully requests that this District Court assume exclusive jurisdiction of this action, entering such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Dated: February 15, 2018             Respectfully Submitted,

By: */s/ Monica L. Haddad Forbes*
  Sara F. Holladay-Tobias
  Florida Bar No. 0026225
  Emily Y. Rottmann
  Florida Bar No. 0093154
  Monica L. Haddad Forbes
  Florida Bar No. 0099426
  **McGUIREWOODS LLP**
  50 N. Laura Street, Suite 3300
  Jacksonville, Florida 32202
  (904) 798-3200 / (904) 798-3207 (fax)
  stobias@mcguirewoods.com
  erottmann@mcguirewoods.com
  mforbes@mcguirewoods.com
  flservice@mcguirewoods.com

  *Attorneys and Trial Counsel for*
  *Defendant, Wells Fargo Bank, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by Email on February 15, 2018, to the following:

Richard Shuster, Esq.
Shuster & Saben, LLC
1413 South Patrick Dr., Suite 7
Satellite Beach, FL 32937
richshuster@gmail.com
*Counsel for Plaintiff, Michael D. Huiras*

/s/ *Monica L. Haddad Forbes*
Attorney