IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY,
FLORIDA

CASE NO.:

MICHAEL D HUIRAS,

   Plaintiff,

vs.

WELLS FARGO BANK, N.A.

   Defendant.
_____/

## COMPLAINT

  COMES NOW The Plaintiff, Michael D Huiras, by and through the undersigned counsel, sues the Defendant Credit Protection Associatio, (hereafter Credit Protection), and alleges:

1. This is an action for damages more than $15,000.00, exclusive of interest, costs and attorney's fees.

2. At all times material hereto, Defendant, Wells Fargo Bank, N.A. was National Banking Association, exempted from compulsory registration with the Florida Secretary of State under the national banking act. Wells Fargo is headquartered in San Francisco, California and is one of the 3 largest banks in the United States. Wells Fargo voluntarily registered with the Florida Secretary of State to designate Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301 as its registered agent for service of process. Wells Fargo conducts business in Florida.

3. At all times material hereto the plaintiff was a resident of Brevard County, Florida.

4. Wells Fargo serviced the loan on a property located at 509 Royston Lane, Melbourne, FL 32940 (hereafter subject property)

5. Wells Fargo acted as a third party debt collector, in servicing the loan. Wells Fargo collected debts owed or allegedly owed to the owner of the note and mortgage on the subject property, which was U.S. Bank N.A. as Trustee for Master Asset Backed Securities Trust 2005-WF1.

6. Wells Fargo, as the loan servicer commenced a foreclosure action in this Court against Huiras, styled U.S. Bank N.A. as Trustee for Master Asset Backed Securities Trust 2005-

1

WF1 vs. Michael Huiras, et. al., case number 05-2013-CA-31903 (hereafter the foreclosure action)

7. Wells Fargo was put on notice the Notice of Appearance filed by Huiras' undersigned counsel in the foreclosure action, and by May 22, 2013 correspondence to Wells Fargo's counsel in the foreclosure action that Huiras was represented by counsel with respect to the subject note and mortgage. A true and correct copy of the Notice of Appearance and the May 22, 2013 correspondence is attached hereto as **Exhibit 1**.

8. The May 22, 2013 letter specifically instructed:

> **Please cease and desist all communication with our client. Please further advise the lender and servicer that the homeowner is represented by counsel and that they must cease stop calling our client and make all communication about the debt in writing directed to our office.**

Emphasis in original.

## COUNT I. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION STATUTE

Plaintiff realleges paragraphs One to Four as set forth above.

9. The Telephone Consumer Protection Act (TCPA) 47 U.S.C 227, provides in pertinent part:

> (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.— (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> ...(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call

10. The Plaintiff's Cellular/Mobile Phone number at all times material hereto was (321) – 289-7373.

11. Defendant used an automatic telephone dialing equipment to call the plaintiff's cellular telephone number on numerous occasions including but not limited to the following occasions:

12. The Defendant never gave plaintiff permission to call Defendant's cellular phone or in the alternative if Wells Fargo ever had permission to call Huiras' cellular phone such permission was revoked by the notice of appearance and May 22, 2013 correspondence attached as **Exhibit 1.**

13. When the Plaintiff realized Defendants calls were not the result of an isolated mistake the Plaintiff instructed the plaintiff to cease all calls to the Defendant's cell phone and the Defendant despite Plaintiff's instruction continued to call the Plaintiff.

14. The Plaintiff does not have a complete list of all of the calls made by Wells Fargo and will seek discovery to determine the total number of calls made by Wells Fargo. Some of the dates and approximate times Wells Fargo called Huiras were as follows:

| Date | Time and Number |
|---|---|
| July 21, 2014 at | 2:27 p.m. from telephone number (800) 868-0043 |
| July 22, 2014 at | 2:27 p.m. from telephone number (800) 868-0043 |
| July 23, 2014 at | 2:20 p.m. from telephone number (800) 868-0043 |
| July 24, 2014 at | 1:50 p.m. from telephone number (800) 868-0043 |
| July 24, 2014 at | 8:15 p.m. from telephone number (800) 868-0043 |
| July 25, 2014 at | 4:20 p.m. from telephone number (800) 868-0043 |
| July 25, 2014 at | 4:32 p.m. from telephone number (800) 868-0043 |
| July 25, 2014 at | 4:33 p.m. from telephone number (800) 868-0043 |
| July 25, 2014 at | 4.20 p.m. from telephone number (800) 868-0043 |
| July 25, 2014 at | 7:00 p.m. from telephone number (800) 868-0043 |
| July 28, 2014 at | 3:06 p.m. from telephone number (800) 868-0043 |
| July 30, 2014 at | 9:43 a.m. from telephone number (800) 868-0043 |
| August 04, 2014 at | 3:24 p.m. from telephone number (800) 868-0043 |
| August 04, 2014 at | 5:39 p.m. from telephone number (800) 868-0043 |
| August 08, 2014 at | 2:32 p.m. from telephone number (800) 868-0043 |
| August 21, 2014 at | 2:02 p.m. from telephone number (800) 868-0043 |
| August 22, 2014 at | 3:10 p.m. from telephone number (800) 868-0043 |
| August 25, 2014 at | 3:43 p.m. from telephone number (800) 868-0043 |
| August 29, 2014 at | 4:24 p.m. from telephone number (800) 868-0043 |
| September 2, 2014 at | 4:54 p.m. from telephone number (800) 868-0043 |

15. Those calls that were made after Plaintiff instructed Defendant to stop were willful.

16. Pursuant to the TCPA the Plaintiff is entitled to recover from the Defendant $500.00 per call for each call and for any call that was not willful. For such calls that were willful the Plaintiff respectfully requests such per call sum be trebled pursuant to 47 USC 227(b)(3)(C), to $1,500.00 per call.

## COUNT I – VIOLATION OF FCCPA

Plaintiff realleges paragraphs One to Eight and paragraph Fourteen as set forth above.

17. Plaintiff's financial obligation to pay the mortgage on his home is a consumer debt as defined by F.S. 559.55(1).

18. The Plaintiff is a "consumer" and "debtor" as defined by 559.55(2)

19. is a "Debt Collector" as defined by 559.55(6) or in the alternative is an "Out-of-state debt collector" as defined by 559.55(8)

20. Florida Statute 559.72 sets forth in pertinent part:
    Prohibited Practices:
    **--In collecting consumer debts, no person shall:**

    (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

    (18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within a reasonable period of time to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication;

4

21. Wells Fargo made phone calls to the Plaintiff which violated 559.72(18) because Wells Fargo knew that Huiras had counsel when such calls were made.

22. Pursuant to 559.77 Plaintiff is entitled to his actual damages, together with statutory damages of up to $1,000.00 for the violation.

**WHEREFORE**, the Plaintiff, Michael D Huiras, demands judgment for damages together with interest, costs and attorney's fees pursuant to Florida Statutes, §§559.77, the FCCPA, and the to §57.104 Florida Statutes, and costs pursuant to §92.231, Florida Statutes and §57-041, Florida Statutes, and any and all further relief as this Court deems just and proper, and further demands a trial by jury on all issues.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to Defendant herein through service of process.

SHUSTER & SABEN, LLC

RICHARD SHUSTER, ESQUIRE
Fla. Bar No.: 045713
E-mail: richshuster@gmail.com
1413 South Patrick Drive, Suite 7
Satellite Beach, Florida 32937
Telephone:   321-622-5040
Fax Number:  321-259-3255
Attorney for Plaintiff